UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 5:09-CR-15-8-TBR

UNITED STATES OF AMERICA                                                PLAINTIFF

v.

MARCUS HARRIS (8)                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two motions by the Defendant Marcus Harris. First, Harris filed a motion to be transferred to a medical facility or a halfway house/Residential Re-entry Center ("RRC"). [DN 1396]. Second, Harris filed a motion requesting a judicial recommendation concerning length of RRC/Halfway house placement. [DN 1398]. The United States has responded to both motions. [DN 1399; DN 1401]. For the following reasons, Harris's motions are **DENIED.**

Harris's motion to be transferred to a medical facility or a halfway house [DN 1396] must be denied. "While a court may make non-binding recommendations for RRC placement, the [Bureau of Prisons ("BOP")] has the exclusive authority to determine if an inmate should be placed in an RRC and, if so, for how long." *United States v. Parks*, No. 1:17-CR-00137, 2018 WL 3135940, at *1 (N.D. Ohio June 27, 2018) (citing 18 U.S.C. § 3621(b); *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1-2 (W.D. Pa. Aug. 12, 2008)). Under 18 U.S.C. § 3621, "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." Although federal courts may review BOP program eligibility determinations when an inmate alleges that the BOP action (1) is contrary to established federal law, (2) violates the Constitution,

or (3) exceeds the BOP's statutory authority, Harris has made no such allegation. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). Furthermore, Harris has not sufficiently explained why he needs to be transferred to a medical facility. Neither has Harris explained why the medical services provided by the BOP are insufficient. And Harris has not demonstrated that he has exhausted the administrative remedies available to him through the BOP. For all of these reasons, Harris's motion to be transferred to a medical facility or a halfway house [1396] is **DENIED.**

Second, the Court declines to make a recommendation concerning the length of Harris's RRC placement. The BOP has the most complete and accurate information in considering end of sentence determinations, and it ultimately has authority over Harris's placement, date of release, and/or any pre-release. 18 U.S.C. § 3624 and § 3621; *see also United States v. Brooks*, No. 3:97-CR-003-TBR, 2019 WL 118593 (W.D. Ky. Jan. 7, 2019); *Parks*, No. 1:17-CR-000137, 2018 WL 3135940, at *2 ("[T]he BOP is in the best position to determine if an inmate is suitable for placement in a half-way house or an RRC"); *United States v. George*, No. 14-20119, 2018 WL 2148179, at *3 (E.D. Mich. May 10, 2018) ("The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement. . . .").

Harris informs the Court that he has been a "role-model Inmate while incarcerated and [has] completed numerous classes," is currently tutoring other inmates, has not had disciplinary issues, and is participating in self-help classes, bible study, and alcoholics anonymous. [DN 1398 at 2]. Harris also expresses concern for his seventeen-year-old son and that it would be beneficial to his family if Harris were placed in a RRC. *Id.* The United States argues that Harris has a history of violence and that the sentence he is serving is already lenient. [DN 1401 at 1-2]. Considering all the facts identified by the parties to this matter, the Court finds that it would be inappropriate

to provide an RRC placement recommendation in this case. This case does not merit a statement by the Court. For the foregoing reasons, Harris's motion requesting a judicial recommendation concerning length of RRC/halfway house placement is **DENIED.**

**IT IS HEREBY ORDERED,**

1. Harris's motion to be transferred to a medical facility or a halfway house [DN 1396] is **DENIED;**

2. Harris's motion requesting a judicial recommendation concerning length of RRC/Halfway house placement [DN 1398] is **DENIED.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 18, 2019

cc: AUSA
cc: Marcus Edward Harris, PRO SE, 11781-033
Manchester Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 4000
Manchester, KY 40962